```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA, ET AL.,

        Plaintiffs,
v.                          Case No. 8:14-cv-1319-T-33MAP

SUNOVION PHARMACEUTICALS, INC.,
ET AL.,

        Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Relators' Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Request for Preservation of Seal (Doc. # 36), which was filed on September 12, 2016. The United States filed its Notice of Consent to Dismissal and Opposition to Relators' Motion to Maintain Seal (Doc. # 39) on September 26, 2016. For the reasons that follow, the Court dismisses the case without prejudice, but declines to maintain the seal of the Complaint and other case documents.

**I.  Background Discussion**

On September 5, 2013, Relators Jason Ferneau and Lisa Fuoco filed a qui tam Complaint on behalf of the Federal Government and various states alleging that Defendant Sunovion Pharmaceuticals, Inc. made unlawful kickback payments to Linde Healthcare employees to promote the drug Brovana. The Complaint was filed in the Southern District of Florida, but

was transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) on June 2, 2014. (Doc. # 12). After conducting an independent investigation, the United States notified the Court on September 6, 2016, that it declined to intervene in the action. (Doc. # 35).

On September 12, 2016, the Relators filed a Motion requesting dismissal of the case without prejudice and also requesting that the case remain under seal. (Doc. # 36). Therein, the Relators remarked that "the Assistant United States Attorney in charge of this case has informed Relators' counsel that the United States consents to this case being dismissed without prejudice but will file a separate consent for dismissal as they have a differing view on the matter of the seal." (Id. at 1-2). Thereafter, on September 26, 2016, the Government filed its submission explaining that it does not object to the dismissal of the action without prejudice, but that it did object to maintaining an infinite seal of the case.

**II. Analysis**

To protect the Government's investigation, the False Claims Act requires that qui tam lawsuits be filed under seal. 31 U.S.C. § 3730(b)(2). The seal, however, has a definite and limited purpose, which is to protect the Government's investigative process. The seal exists "to allow the government an adequate opportunity to fully evaluate the

private enforcement suit and to determine . . . whether it is in the Government's interest to intervene and take over the civil action." S. Rep. No. 345, 99th Cong., 2d Sess. (S. Rep.) at 24 (1986), <u>reprinted in</u> 1986 U.S. Code Cong. & Admin. News 5266, 5289.  In the absence of a privileged trade secret or a matter of national security being discussed in a qui tam complaint, qui tam complaints should be automatically unsealed when the Government declines to intervene.  However, documents filed by the Government that may reveal its process of investigating qui tam cases, such as requests for extensions of time to intervene, will remain under seal indefinitely. "The government also typically requests that its extension motions and other similar documents remain under seal, even if it elects not to intervene in the case, to protect its investigative files and sources." (Doc. # 39 at 7).

Here, the Court has already entered an Order unsealing the Complaint as well as the Government's Notice that it elected not to intervene. (Doc. # 38).  The Court accordingly determines that it is appropriate to dismiss this case without prejudice.  The Government requests that all documents filed after the "unsealing Order" be filed on the public record. (Doc. # 39 at 6).  The Court determines that it is appropriate to unseal the Relators' Motion to Dismiss (Doc. # 36), the Government's Response (Doc. # 39), and the present Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Relators' Motion for Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Request for Preservation of Seal (Doc. # 36) is **GRANTED IN PART AND DENIED IN PART.**

2. This case is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk is directed to unseal Relators' Motion to Dismiss (Doc. # 36), the Government's Response (Doc. # 39), and this Order.

4. The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE